GULOTTA, Judge,
dissenting.
I respectfully dissent.
The pertinent facts of the case and trial court’s rationale are set forth in the trial judge’s “FINDINGS OF FACT AND REASONS FOR JUDGMENT”, as follows:
“The main issue involved in this matter was the fact that Mrs. Spohrer is suffering from a disease known as anorexia nervosa and whether that disease has rendered her incapable of providing for the needs of the child and/or whether it would be in the best interest of the child to grant custody to the father....
“Mr. Spohrer testified that the child has lived with him for the last eight or nine months, and that his parents helped care for the child since Mr. Spohrer had to earn a living. He would bring the child at approximately 6:30 a.m. every morning to the home of his parents who would care for the child throughout the day or until he was able to get the child that afternoon at approximately 6:30 p.m. He further testified that he did some of the work around his home while he and his wife were together, but apparently took it upon himself to do the work without even asking his wife to do so. He further testified his wife’s medical condition involving this disease started in 1978 while she was attending college. The disease is of such a nature that his wife believed that she must be on a self-imposed diet at all times and after eating, she was unable to hold down any of her food. However, Mr. Spohrer testified that his wife always had a hot meal cooked for him when he returned from work in the afternoon, and at that time took upon himself to feed the child. Mrs. Spohrer cared for the child while he was at work. The parties then separated on June 30, 1982 and Mr. Spohrer testified they mutually agreed to separate.
“Mrs. Spohrer is presently living with her mother and father and her mother, Mrs. Kessler, indicated that she was available at all times to help care for the child, if necessary. Mr. Spohrer’s mother also testified that she has been caring for the child and would be willing to continue to do so....
“However, the court took into consideration that we have a situation where there is a mother who has a very serious illness which was borne out by the physicians who testified during the trial....
“Mrs. Spohrer is receiving treatment for her condition and indicated that she had *1355 gained 2% lbs. in the last week. Although her weight was somewhere in the 70’s, Mrs. Spohrer’s appearance indicated that she was ravaged by this disease but her emotional stability certainly appeared acceptance [sic] to the court, and the court felt that she was capable of caring for the child.
“If the child is living with the mother, then there is no necessity to awaken the child each and every morning at 6:30 a.m., move her out of one environment and place her in another until 6:30 p.m. No testimony was given that the mother was not capable of caring for the child. The mother is not working and she can tend to the needs of her own child as she has apparently done in the past, and her mother, Mrs. Kessler, is there at all times to help care for the child, if the need arises.
“The court feels for the reasons indicated above, custody should be granted to the mother.”
Although the father’s testimony, corroborated by the paternal grandmother, was that his wife’s condition so weakens and preoccupies her that she cannot care for the child, it was disputed by the maternal grandmother and the mother, who maintained she is capable.
The trial court also had the benefit of the testimony of two physicians who treated the mother for her personality disorder. John R. McGregor, Jr., a psychiatrist who had administered psychotherapy to her, had no information or opinion to support a conclusion that the mother would not be a good mother for the child. He testified that an anorexic’s problem is not necessarily detrimental to her ability to care for children and noted that “some people who don’t take very good care of themselves sometimes take excellent care of other people.” From his observation of the mother and child during therapy sessions, this physician testified there seems to be “a warm affectionate bind” between them. He stated further that it is preferential for the child to be with the mother, even if the mother has serious psychological problems, assuming they do not prevent her from mothering the child adequately.
On the other hand, Dr. Ellen P. McKenzie, another psychiatrist, favored maintaining custody of the child in the father because “of the importance of stability and continued mobile attachments to a child that age.” This physician was of the opinion that anorexia nervosa “would certainly impair the ability” to care for a child properly. Dr. McKenzie testified, however, that the mother had handled the child “reasonably well” when she had observed them during consultation.
In custody cases, the sole criterion is the best interest of the child, and the trial court’s judgment will not be overturned absent a clear showing of an abuse of discretion. State in Interest of Simolke, 422 So.2d 196 (La.App. 4th Cir.1982). Considering the trial judge’s well reasoned opinion, after he had evaluated the witnesses in this sensitive custody case, I cannot say the trial judge abused his discretion in awarding custody to the mother, despite her serious emotional illness. The mother is under medical care and therapy to improve her condition. She is presently living with her parents and can rely on the maternal grandmother for assistance.
For these reasons, I would affirm the judgment of the trial court.